UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUSAN M. THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 3:09-CV-468<br>(PHILLIPS/GUYTON) |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] and Defendant's Motion for Summary Judgment [Doc. 18]. Plaintiff Susan M. Thompson ("Plaintiff") seeks judicial review of the decision by Administrative Law Judge ("ALJ") to deny her benefits, which was the final decision of the Defendant Commissioner.

### BACKGROUND

The Plaintiff was 45 years of age when the ALJ issued his decision on February 24, 2009. [Tr. 11-19]. The Plaintiff is a high school graduate. She filed an application for disability insurance

benefits and supplemental security income, alleging she became disabled on July 15, 2004.[1] [Tr. 489]. The Plaintiff alleges disability based on an exacerbation of preexisting lower back pain while twisting and lifting boxes. [Tr. 452].

**ANALYSIS AND BASIS FOR REMAND**

The Plaintiff argues there are two bases for remand of this case to the ALJ. First, the Plaintiff argues that the matter should be remanded because the ALJ improperly characterized the opinion of the Plaintiff's treating physician, Son D. Le, M.D. Second, the Plaintiff argues that the ALJ's failure to mention the opinion of Walker E. Nowell, D.O., Pharm.D., runs contrary to the regulations and related case law requiring an ALJ to assign weight to a treating physician opinion. The Court will address each of these arguments in turn.

**A.    Opinion of Son D. Lee, M.D.**

First, the Plaintiff argues the matter should be remanded on the basis that the ALJ improperly characterized the opinion of the Plaintiff's treating physician, Son D. Le, M.D. [Doc.12 at 12]. Specifically, the Plaintiff argues that Dr. Le's September 2005 opinion, finding the Plaintiff incapable of working eight hours a day, forty hours a week, is not consistent with the assessment of Denise Bell, M.D., that the Plaintiff could perform a range of light exertion. [Doc. 12 at 12]. The Commissioner contends that by finding the opinions of Dr. Le and Dr. Bell "essentially consistent," the ALJ was not stating that the opinions were the same, rather both opinions supported the ALJ's

---

[1] The ALJ determined, based on a letter from the Plaintiff's former employer, that the appropriate alleged onset date is December 21, 2004, the date the Plaintiff last worked. [Tr. 13].

position that the Plaintiff was capable of performing light work. [Doc. 19 at 12].

A treating physician's opinion will be afforded controlling weight, if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. §§ 404.1527 (d)(2) and 416.927(d)(2). In this case, the ALJ found Dr. Bell's assessment of the Plaintiff "more consistent with the record than Dr. Le's." [Tr. 15].

In regard to the September 2005 "Medical Opinion Form," Dr. Le did not provide any objective findings to support his opinion that the Plaintiff could not reliably work an "eight hour day, 40 hour work week." A check-mark indicating that the Plaintiff meets the criterion of a listing impairment does not constitute a well-supported opinion, as it provides no support for the opinion. No examinations, x-rays, or other medical evidence were cited in support Dr. Le's restriction. Such an evaluation, without references to supporting evidence or the rationale behind such restrictions, makes it difficult to determine whether the opinion is well-supported by clinical and laboratory diagnostic techniques.

Substantial evidence supports the ALJ's determination that while Dr. Le's opinion was "essentially consistent" with Dr. Bell's opinion, ultimately, Dr. Bell's assessment was more consistent with the record. The ALJ referenced two of Dr. Le's opinions, in conjunction with Dr. Bell's opinion, as support for his finding that the Plaintiff was capable of a limited range of light work. In October 2004, Dr. Le opined that the Plaintiff was limited to carrying and lifting up to twenty pounds and instructed her to avoid repetitive bending and twisting and prolonged sitting of more than two hours, but this restriction was only in effect for ninety days while the Plaintiff was still working. [Tr. 17, 494]. In September 2005, Dr. Le assessed that the Plaintiff was capable of

light work, but limited the Plaintiff to four hours of sitting and walking. [Tr. 17, 499-501]. Similarly, Dr. Bell opined that the Plaintiff was capable of lifting up to twenty pounds, could sit, stand, and walk up to six hours in an eight-hour day and could frequently climb, stoop, kneel, crouch, and crawl. [Tr. 493-500, 511-16]. The ALJ's determination is supported by substantial evidence in the record. The ALJ noted that the Plaintiff told Dr. Le, just prior to the September 2005 opinion, that her pain was "much better" and that she had no desire to come down on her pain medications. [Tr. 15, 403]. On several occasions, the Plaintiff stated that she was doing well on her medications with steroid injections. [Tr. 206, 252, 416, 673-74].

In addition, the Plaintiff's pain management specialist, Mark L. Nelson, M.D., told her in August 2006 that she should consider returning to work. [Tr. 15, 270]. As recently as 2008, the Plaintiff reported to Dr. Nelson that her activity level was "high." [Tr. 16, 223]. The Plaintiff testified at the hearing that she was "pretty active," and reported to her doctor in September 2008 that she helped her granddaughter learn to ride a bicycle. [Tr. 703, 192]. The Plaintiff also reported to her doctors on various occasions that she was active or moderately active. [Tr. 264, 273, 388].

Moreover, in May 2006, James S. Wike, M.D., one of the Plaintiff's pain specialists, expressed concern that the Plaintiff was taking medications in combination with her prescriptions that were "in violation of her contract." [Tr. 289]. Further, Dr. Nelson noted in July 2008 that the Plaintiff had "problems conforming to medication guidelines." [Tr. 228]. Two years earlier, Dr. Nelson observed that the Plaintiff had given a "relatively confusing story" about her medications and cautioned against putting her on OxyCotin again, stating that would be a "mistake." [Tr. 299].

The Plaintiff testified at the hearing that she could stand for only two minutes at a time, but psychological testing indicated that the Plaintiff "exaggerated" her symptoms. [Tr. 17, 245]. The

ALJ reasonably concluded that such evidence further undermined the Plaintiff's allegations. [Tr. 17].

For the reasons stated above, the Court finds that there was ample evidence in the record to support the ALJ's determination that Dr. Le's restriction was less consistent than those restrictions found by Dr. Bell and inconsistent with other evidence in the record. Substantial evidence, therefore, supports the ALJ's finding that Dr. Le's opinion was "essentially consistent" with Dr. Bell's opinion insofar as it "reflect[ed] an ability to sustain a reduced range of light exertion" but not to the extent that it indicated a sitting/standing limitation that was less "consistent with the record" than Dr. Bell's report.

### B. Walker E. Nowell, D.O., Pharm.D.

Second, the Plaintiff argues that the ALJ's failure to mention the opinion of Dr. Nowell runs contrary to the regulations and related case law requiring an ALJ to assign weight to a treating physician opinion. [Doc. 12 at 13]. The Commissioner concedes the decision does not reflect the ALJ's consideration of the opinion. [Doc. 19 at 15]. The Commissioner, however, contends that the omission of Dr. Nowell's opinion was harmless error because his opinion was "so patently deficient that the Commissioner could not possibly credit it." [Doc. 19 at 15 (quoting Wilson, 378 F.3d at 547)]. Specifically, the Commissioner argues that Dr. Nowell's opinion that the Plaintiff could only sit for three hours, stand for one hour, and walk one hour of an "eight-hour day" is illogical. [Doc. 19 at 16].

If an ALJ decides not to give controlling weight to the medical opinion of a treating source, he is required to explain why in his narrative decision. 20 C.F.R. § 404.1527(d)(2); Sehlman v.

Heckler, 821 F.2d 316, 321 (6th Cir. 1987). When an administrative law judge fails to give a good reason for rejecting a treating source's medical opinion, remand is required unless the failure does not ultimately affect the decision. Wilson, 378 F.3d at 547. The Court of Appeals for the Sixth Circuit has cautioned that a failure to give good reasons may be considered harmless only if the error is "a harmless de minimis procedural violation." Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009) (citing Wilson, 378 F.3d at 547). A violation may also be considered de minimis when the treating source's opinion was "so patently deficient" that the Commissioner could not possibly have credited it. Wilson, 378 F.3d at 547.

This Court finds remand is appropriate and necessary in this case. In this case, Dr. Nowell's opinion that the Plaintiff could sit for three-hours total, walk for three-hours total, and stand for one-hour total in an average eight-hour workday is not so illogical as to be characterized as "patently deficient."[2] The Court of Appeals, in a similar case, found a physician's opinion limiting a patient to standing for "only two hours in an eight-hour work day" and not standing or walking "for any appreciable period of time" provided support for the plaintiff's position that he was unable to work. Bennett v. Kemper Nat'l Servs, 514 F.3d 547, 555 (6th Cir. 2008). In the present case, Dr. Nowell opined that the Plaintiff was capable of sitting for three hours, standing for one hour, and walking for one hour "in an average 8 hour workday, 5 days a week." [Tr. 233]. Therefore, it is reasonable that Dr. Nowell deemed the Plaintiff unable to reliably work for more than five hours in an eight-hour workday, supporting a finding that the Plaintiff is disabled. This Court finds that Dr. Nowell's

---

[2]Compare McKeenhan v. Astrue, No. 03-137-GWU, 2009 WL 1704334, *12-13 (E.D. Ky. Jun. 17, 2009) (finding the treating source's opinion patently deficient where he opined that the claimant was limited to no sitting, standing, or walking, but where claimant's own testimony clearly showed that she was not bedridden).

opinion could support a finding that the Plaintiff is disabled and the ALJ's omission of the treating physician's opinion results in error. This case should be remanded to the ALJ for consideration of the Plaintiff's treating physician, Dr. Nowell.

**CONCLUSION**

It is **RECOMMENDED** that this case be **REMANDED** to the defendant Commissioner for further proceedings consistent with this Report and Recommendation. To that end, Plaintiff's Motion [Doc. 11] is **GRANTED** only for remanding the case as aforesaid. it is also **RECOMMENDED** that the defendant's Motion for Summary Judgment [Doc. 18] be **DENIED**.³

                Respectfully submitted,

                s/ H. Bruce Guyton
                United States Magistrate Judge

---

³Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).